```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
SMARTIX INTERNATIONAL, L.L.C.,

                    Plaintiff,

          - against -

GARRUBBO, ROMANKOW & CAPESE, P.C.
and ANTHONY RINALDO,

                    Defendants.
-----------------------------------x
```



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/07

06 Civ. 1501 (JGK)(DFE)

This is an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

I am responding to the joint letter dated November 16, 2007, from Melinda Dus (counsel for plaintiff) and Dianna McCarthy (counsel for defendant Anthony Rinaldo).

On August 17, 2007, I extended the deadline for completion of all discovery to October 31, 2007. On October 30, 2007, I extended expert discovery to January 31, 2008, but no one asked me to extend fact discovery. However, also on October 30, counsel for defendant Rinaldo served five non-parties with subpoenas for "[t]he personnel records of Mr. Ramon (Ray) Katz." (I note in passing that the subpoenas failed to state the civil action number as required by Fed. R. Civ. P. Rule 45(a)(1)(B).)

Mr. Katz was employed by Young and Rubicam in 1982-87, by American Express in 1987-88, by Madison Square Garden in 1988-90, and by the National Football League in 1992-96. He was a consultant for American Express in 1996-97, and a consultant for McCann Erickson at some unspecified time.

Mr. Katz was one of the four founders of plaintiff Smartix. He was an employee of Smartix only from 2000 to July 2002. In 2006, Smartix filed this attorney malpractice lawsuit against Mr. Rinaldo, who acted as an attorney for Smartix from mid-2000 to about January 2004. Mr. Katz was one of the two witnesses identified by Smartix and presented for deposition pursuant to Fed. R. Civ. P. Rule 30(b)(6).

Fed. R. Civ. P. Rule 26(b)(1) says that parties may obtain discovery regarding any matter that is relevant to "the claim or defense of any party," and (for good cause) any matter that is relevant to "the subject matter involved in the action." Counsel

-1-

for Mr. Rinaldo gives the following justification for the
relevance of the five subpoenas:

> ... Plaintiff's alleged damages solely arise
> out of the theory of lost business opportunities,
> which includes failure to raise additional operating
> capital, attract investors or engage strategic
> partners.  ... Mr. Katz ... contends that the
> success of the company was attributable to his
> contributions to the company through his marketing
> skills and connections from his previous employments;
> Defendant is therefore entitled to Mr. Katz's
> employment history to investigate whether Mr. Katz
> in fact did have the sophistication and knowledge
> to support his self-proclaimed achievements that
> purportedly attributed [contributed?] to the success
> of the company while he was an employee.

(11/16/07 joint letter, p. 11.)

First of all, the question of whether Mr. Katz had
"sophistication and knowledge" has no clear relevance to
Smartix's damage claim.  The 6/28/06 Amended Complaint says:

> 26.  But for said legal malpractice by Defendants
> Plaintiff would not have been deprived of significant
> competitive advantage and, as a result, after 2003,
> unable to raise additional operating capital, attract
> investors and engage strategic partners.

Plaintiff alleges that, one year earlier, Smartix "was a viable
entity in full operation."  As for specifics, Plaintiff states:

> ... At the time when Mr. Katz left Smartix
> in July 2002, [(a)] Smartix had four (4) pilot
> programs in operation, [(b)] all three primary
> investors - - Cramer Berkowitz, MasterCard, and
> Sumitomo Corporation - - were fully invested, and
> [(c)] the company had a value of no less than
> eleven million dollars ....  This value is determined
> by Sumitomo Corporation's investment of one million
> dollars ... made in the first week of July [2002]
> in exchange for nine percent (9%) of the company.

(11/16/07 joint letter, pp. 1-2.)  At page 5, fn. 3, Mr. Rinaldo
labels those statements as "conclusory and unsubstantiated."  In
my view, however, those statements are quite specific; the
denials by Mr. Rinaldo (who apparently served on the Smartix

-2-



board) are conclusory and uninformative.

Plaintiff cites a case directly on point, *Chamberlain v. Farmington Savings Bank*, 2007 WL 2786421 (D.Conn. Sept. 25, 2007), where Magistrate Judge Thomas P. Smith granted plaintiff's motions (a) to quash subpoenas served on his former employers and (b) for protective orders. In the joint letter at page 10, Mr. Rinaldo offers only one ground for distinguishing *Chamberlain* - - that Smartix did not move for a "protective order" and instead moved only to "quash." I find this overly formalistic. Mr. Katz gave a Rule 30(b)(6) deposition as a representative of Smartix. As in *Chamberlain* (at *1), Mr. Katz "clearly has a personal right with respect to the information contained in his employment records" with other companies. His personnel records with other companies are not "relevant to the claim or defense of any party." Moreover, pursuant to Fed. R. Civ. P. Rule 26(c), I find that justice requires, in order to protect Mr. Katz from annoyance, embarrassment, and oppression, that discovery not be had into those personnel records. I hereby quash the five subpoenas. I direct defense counsel to fax a copy of this Memorandum and Order immediately to each of the five non-parties served with those subpoenas, and to send Plaintiff copies of the five fax confirmations.

_____
DOUGLAS F. EATON
United States Magistrate Judge

Dated:   New York, New York
         November 19, 2007

Copies of this Memorandum and Order are being sent by fax and by electronic filing to:

Melinda M. Dus, Esq. of the Law Offices of Neal Brickman, P.C.
  at 212-986-7691fax

Jonathan R. Harwood, Esq. of Traub Lieberman Straus & Shrewsberry
  at 914-347-8898fax

Dianna D. McCarthy, Esq. of Winget Spadafora & Schwartzberg, LLP
  at 212-221-6989fax

Hon. John G. Koeltl